# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| **TRAVIS CHENAULT, Individually and on behalf of all others similarly situated** c/o Minnillo & Jenkins Co., LPA 2712 Observatory Avenue Cincinnati, Ohio 45208 | : : : : : : | **CASE NO:** **JUDGE:** |
| **Plaintiffs,** | : : | |
| vs. | : : | |
| **BEIERSDORF, INC.** 5232 E. Provident Drive West Chester Township, OH 45246 | : : : : | **CLASS ACTION COMPLAINT** **(WITH JURY DEMAND)** |
| **Defendant.** | : | |

Plaintiff Travis Chenault, individually and on behalf of all others similarly situated, for his Complaint against defendant Beiersdorf, Inc. ("Beiersdorf"), states as follows:

## I. PRELIMINARY STATEMENT

1. Plaintiff was a non-exempt warehouse employee of Beiersdorf. Plaintiff worked in excess of forty hours per workweek without being paid Overtime Pay (i.e., time and one-half his regular rate) as required by law.

2. Rather than comply with applicable law and pay plaintiff Overtime Pay, defendant provided plaintiff and other warehouse workers with gift cards having no cash value or cash access. Thus, plaintiff and other employees were not paid wages for their overtime work as the term is defined in 29 C.F.R. § 531.27 and R.C. 4111.01(A).

3. Defendant's conduct violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, Title 29 of the Code of Federal Regulations, and R.C. 4111.01, 4111.03 and 4113.15. Redress sought by plaintiff includes unpaid overtime pay for the three (3) years preceding the

filing of this action, liquidated damages in an equal amount, declaratory and injunctive relief, and reasonable attorney's fees and costs.

## II. JURISDICTION AND VENUE

4. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 215. Federal jurisdiction is invoked in this instance to secure protection of and to redress deprivations of rights under the statutes of the United States, specifically including the FLSA, 29 U.S.C. § 201, *et seq*.

5. The Court has supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C § 1367.

6. Venue is appropriate because the actions complained of by the plaintiff occurred within the Western Division of the Southern District of Ohio.

## III. PARTIES

7. Plaintiff Travis Chenault is a citizen of the United States who resides in Hamilton County, Ohio. Plaintiff Chenault was a full-time employee of defendant from May 2019 to September 6, 2019. Plaintiff Chenault has signed a consent to participate in this action in accordance with 29 U.S.C. § 216(b) which is attached as Exhibit A.

8. Defendant Beiersdorf is a Delaware for-profit corporation organized under the law of the State of Delaware. Beiersdorf regularly conducts business within the State of Ohio and maintains an ongoing business operation in Butler County, Ohio. Beiersdorf is an employer under 29 U.S.C. § 203(d).

9. The wage and hour violations alleged herein took place within West Chester Township, Butler County, Ohio, which is within this judicial district.

## IV. STATEMENT OF FACTS

10. Beiersdorf is an international skincare company which produces brands such as NIVEA, Eucerin and Aquaphor.

11. Beiersdorf maintains a warehouse/shipping and receiving center located in West Chester Township, Ohio.

12. Plaintiff was employed as an hourly forklift driver/warehouse worker in Beiersdorf's West Chester Township, Ohio facility.

13. At all times during his employment with defendant, plaintiff was non-exempt such that he was entitled to Overtime Pay for all hours worked in excess of forty (40) hours per workweek.

14. On or about August 6, 2019, plaintiff's supervisor informed plaintiff and others similarly situated that Beiersdorf had overtime opportunities for August 6, 7 and 8, 2019.

15. On or about August 6, 2019, plaintiff worked approximately four (4) hours beyond his normally scheduled shift.

16. On or about August 7, 2019, plaintiff worked approximately five (5) hours beyond the end of his normally scheduled shift.

17. On or about August 8, 2019, plaintiff worked approximately four (4) hours beyond the end of his normally scheduled shift.

18. During the workweek ending August 10, 2019, plaintiff worked a total of forty-four and eight-tenths (44.8) hours.

19. After working overtime during the above time period, Beiersdorf provided plaintiff with three gift cards totaling $700; one $500 card and two $100 cards.

20. True and correct copies of the gift cards Beiersdorf gave to plaintiff are attached hereto as Exhibit B[1].

21. Pursuant to the terms and conditions attached to the cards, there is "No cash access" available to the user of the card. (Ex. B).

22. The gift cards Beiersdorf gave to plaintiff were not cash or negotiable instruments payable at par.

23. The cards Beiersdorf gave to plaintiff were not legal tender of the United States or checks on banks convertible into cash on demand at full face value.

24. On the statement accompanying plaintiff's August 16, 2019 paycheck, Beiersdorf added $250.00 to plaintiff's earnings noted as "Gift Card," deducted taxes, and then deducted $250 as a "gift." The extra $250 indicated on the statement was not, in fact, paid on the accompanying paycheck. A true and correct copy of plaintiff's August 16, 2019 paystub is attached as Exhibit C.

25. On the statement accompanying plaintiff's August 23, 2019 paycheck, Beiersdorf added $250.00 to plaintiff's earnings noted as "Gift Card," deducted taxes, and then deducted $250 as a "Gift." The extra $250 indicated on the statement was not, in fact, paid on the accompanying paycheck. A true and correct copy of plaintiff's August 23, 2019 paycheck is attached as Exhibit D.

26. On the statement accompanying plaintiff's August 30 paycheck, Beiersdorf added $200.00 to plaintiff's earnings noted as "Gift Card," deducted taxes, and then deducted $200 as a "Gift." The extra $200 indicated on the statement was not, in fact, paid on the accompanying

---

[1] For security purposes, all but the final four numbers of the cards have been redacted.

paycheck. A true and correct copy of plaintiff's August 30, 2019 paycheck is attached as Exhibit E.

27. The net effect of Beiersdorf's conduct described above was that plaintiff's wages were reduced and subject to deductions for the face value of the gift cards provided by Beiersdorf even though said gift cards were not legal tender and could not be converted to cash on demand.

28. Beiersdorf subjected approximately twenty-five (25) employees at its West Chester location to the unlawful practices described above. Upon information and belief, Beiersdorf may have subjected other employees to the same unlawful treatment at other locations within the United States during the three years preceding the filing of this action.

29. Plaintiff was not paid Overtime Pay (i.e., time and one-half of his regular rate) for the hours he worked in excess of forty (40) hours per workweek during the August 4, 2019 to August 10, 2019 workweek.

30. The lump sum compensation for overtime work without regard to overtime hours worked was not included in plaintiff's regular rate for purposes of overtime, as required by 29 C.F.R. § 778.310.

31. Plaintiff was not paid in "cash or its equivalent" as required by 29 C.F.R. § 531.27 for all hours worked in the workweek including August 6 through August 8, 2019.

32. Plaintiff was not paid "wages" as the term is defined by R.C. 4111.01(A) for all hours worked in the workweek including August 6 through August 8, 2019.

33. Defendant's Wage and Hour Policies and Practices caused plaintiff and similarly situated employees to be denied overtime pay for hours worked in excess of forty (40) hours in violation of 29 U.S.C. § 207(a)(1).

## V. COLLECTIVE ACTION ALLEGATIONS

34. Plaintiff brings his FLSA claims under 29 U.S.C. § 216(b) as a collective action on behalf of the following opt-in Class (the "FLSA Class"):

> All non-exempt employees of defendant who worked more than 40 hours in a workweek and did not receive Overtime Pay as required by the FLSA for all such hours worked during the period beginning three years prior to the date of filing of this action through the present.[2]

35. Plaintiff is similarly situated to all current and former hourly employees described in the FLSA Class.

## VI. CLASS ACTION ALLEGATIONS

36. Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and as a representative of a class of similarly situated individuals asserting statutory and common law claims arising from defendant's unlawful conduct, including but not limited to, defendant's violation of Article II, Section 34a of the Ohio Constitution and the Ohio Minimum Fair Wage Standards Act, O.R.C. § 4111.01 *et seq*.

37. This class action is proper under Federal Rule of Civil Procedure 23(b)(1), 23(b)(2), and 23(b)(3). Plaintiff brings these claims on behalf of the following Class (the "Ohio Class"):

> All non-exempt employees of Defendant who worked more than 40 hours in a workweek and did not receive Overtime Pay as required by applicable state law for all such hours worked during the period beginning three years prior to the date of filing of this action through the present.[3]

38. Although the precise number of the Class members is unknown to plaintiff, upon information and belief the number is at least twenty-five (25), such that joinder is impractical. The

---

[2] Plaintiff reserves the right to amend this definition and add subclasses at any time up and including the filing of a motion for conditional certification and/or class certification.
[3] Plaintiff reserves the right to amend this definition and add subclasses at any time up and including the filing of a motion for conditional certification and/or class certification.

6

disposition of each Class member's claims through the class action procedure will benefit the parties, the Court, and society as a whole.

39. Plaintiff will fairly and adequately represent and protect the Class members' interests and is committed to the vigorous prosecution of this action.

40. Plaintiff has no conflicts of interest and has retained counsel who are competent and have experience with class actions, including employment class actions.

41. Plaintiff's claims are typical of those of the Class. Plaintiff, like other Class members, worked overtime at employer's facility in West Chester Township, Ohio during the workweek that included August 6 through August 8, 2019. Plaintiff, like other Class members, was not compensated with legal tender for his hours worked but rather with pre-paid gift cards which did not allow for cash access to the amounts on those cards.

42. Plaintiff, like other Class members, was also subjected to unauthorized and unlawful deductions from his wages.

43. Common questions of law and fact exist as to all Class members and predominate over questions affecting individual Class members.

44. Common questions of law and fact include, but are not limited to, the following:

    a. whether defendant failed to properly compensate plaintiff and other class members for all hours worked in excess of forty (40) hours per workweek;

    b. whether defendant's provision of pre-paid gift cards that were not convertible to cash to plaintiff and other class members constituted lawful payment of wages under applicable law;

    c. whether defendant was unjustly enriched by wrongfully retaining Class members' wages and benefits and should therefore disgorge all wages and benefits retained and rightfully owed to Class members; and,

    d. whether defendant should be enjoined from continuing to violate wage and hour laws by attempting to compensate non-exempt employees for overtime hours with pre-paid gift cards, not redeemable for cash.

45. Prosecuting separate actions would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for defendant, and adjudications with respect to individual Class members would, as a practical matter, be dispositive of the interests of the other members not parties to the individual adjudications, and would substantially impair or impede their ability to protect their interests.

46. A class action is appropriate because the common questions of law and fact enumerated above predominate over questions affecting only individual Class members.

47. A class action is superior to other available methods for the fair and efficient adjudication of the claims asserted in this action, as the financial interest of each individual Class member is relatively small, making it economically impracticable to pursue remedies other than by a class action. As such, the Class members have little interest in individually controlling the prosecution of separate actions.

48. If individual actions were to be brought by the members of the Class, the resulting duplication of lawsuits would cause undue hardship, inefficiencies, and expense to the Court and the litigants, and the nature of the claims is such that it is unlikely that many such claims would be pursued other than on a class basis.

49. Given the above considerations, it is desirable to concentrate the litigation of the claims in this particular forum.

50. Absent a class action, Defendants would likely retain the benefits of their wrongdoing, resulting in a miscarriage of justice.

51. There will be no difficulties in managing this class action as the names and addresses of the persons who are Class members are available from defendant. Further, notice can be provided to the Class members by using techniques and a form of notice similar to those customarily used in class actions including individual mailed notice and notice by publication, as appropriate.

### VII. STATEMENT OF THE CLAIMS

**Count One**
**Denial of Overtime Pay under the Fair Labor Standards Act, 29 U.S.C. § 207(a)(1)**

52. Plaintiff incorporates by reference all of the above paragraphs as though fully restated herein.

53. Defendant's lump sum payment for overtime work without regard to actual overtime hours worked constituted a denial of Overtime Pay at a rate not less than one and one-half times plaintiff's regular rate for all hours worked in excess of forty (40) hours per workweek.

54. Defendant failed to pay plaintiff and similarly situated employees Overtime Pay for all hours worked in excess of forty (40) hours per workweek as required by the Fair Labor Standards Act.

55. Defendant's denial of Overtime Pay violated the FLSA, including but not limited to the overtime provisions of 29 U.S.C. § 207(a)(1).

56. Plaintiff is entitled to recover from defendant overtime pay at a rate not less than one and one-half times his regular rate for all hours worked in excess of forty (40) hours per

workweek during the period beginning two (2) years prior to the commencement of this action, together with liquidated damages in an amount equal thereto, and attorney's fees pursuant to 29 U.S.C. § 216(b).

### Count Two
### Failure to compensate with wages, 29 USC § 207

57. Plaintiff incorporates by reference all of the above paragraphs as though fully restated herein.

58. 29 C.F.R. § 531.27(a) requires that payments of wages under the FLSA, including overtime compensation, be made in cash or negotiable instrument payable at par.

59. Defendant compensated plaintiff for the overtime work performed during the workweek including August 6 through August 8, 2019, with pre-paid gift cards having no cash value or any cash access.

60. Defendant's compensation to plaintiff was not wages, thereby depriving plaintiff of income.

### Count Three
### Willful violation of FLSA, 29 U.S.C. § 255(a)

61. Plaintiff incorporates by reference all of the above paragraphs as though fully restated herein.

62. Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) such that plaintiff is entitled to recover from defendant an appropriate amount during the period beginning three (3) years prior to the commencement of this action together with liquidated damages in an amount equal thereto and attorney's fees pursuant to 29 U.S.C. § 216(b).

## Count Four
### Violations of Ohio's Minimum Fair Wage Standards Act, R.C. 4111.01 *et seq*.

63. Plaintiff incorporates by reference all of the above paragraphs as though fully restated herein.

64. Under the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.01 *et seq*., defendant was and is required to pay each of its non-exempt Ohio employees at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty (40) hours in one workweek. R.C. 4111.03(A) and 4111.10(A).

65. Defendant's conduct as described above violates the OMFWSA provisions governing payment of overtime.

66. Defendant has willfully and with reckless disregard deprived plaintiff of overtime compensation under the OMFWSA, which entitles plaintiff to liquidated and/or punitive damages and other appropriate relief.

## Count Five
### Failure to Pay Semi-monthly Wages Due, R.C. 4113.15

67. Plaintiff incorporates by reference all of the above paragraphs as though fully restated herein.

68. During the two year period preceding the filing of this Complaint, defendant breached the requirement of R.C. 4113.15 by failing to pay plaintiff and members of the Ohio Class all wages owed to them within thirty days of their regularly scheduled semi-monthly payday for each pay period in which plaintiff and those similarly situated worked.

69. Defendant is liable for the unpaid wages and for additional amounts as liquidated damages and interest as provided by R.C. 4113.15.

### Count Six
### Failure to Compensate Employees with Wages, R.C. 4111.01(A)

70. Plaintiff incorporates by reference all of the above paragraphs as though fully restated herein.

71. Under R.C. 4111.01(A), "wages" are defined as "compensation due to an employee by reason of employment, payable in legal tender of the United States or checks on banks convertible into cash on demand at full face value."

72. Defendant failed to pay Plaintiff wages for all hours worked on August 6 through August 8, 2019.

73. Plaintiff has been proximately harmed by defendant's failure to pay him wages.

### VIII.  PRAYER FOR RELIEF

WHEREFORE, plaintiff demands judgment against the defendant as follows:

1. An Order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

2. Prompt notice, pursuant to 29 U.S.C. § 216(b), to all similarly situated employees of defendant that this litigation is pending and they have the right to "opt-in" to this litigation;

3. Judgment against defendant for violating the Fair Labor Standards Act;

4. An Order declaring that the defendant's violations of the Fair Labor Standards Act were willful;

5. An injunction prohibiting defendant from engaging in future overtime violations;

6. An award of overtime pay and liquidated damages thereon;

7. With respect to the Ohio Class:

    a. An order certifying the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b. An order appointing plaintiff as class representative and plaintiff's counsel as class counsel;

c. An award of damages and liquidated damages;

d. Pre-judgment and post-judgment interest, as provided by law;

e. Such other injunctive relief as the Court may deem just and proper; and

f. Reasonable attorney's fees and costs.

8. An award of plaintiff's reasonable attorney's fees and costs; and

9. All such other relief as the Court deems appropriate under the premises.

Respectfully submitted,

**MINNILLO & JENKINS Co., LPA**

/s/ Christian A. Jenkins
Christian A. Jenkins (OH-0070674)
Robb S. Stokar (OH-0091330)
2712 Observatory Avenue
Cincinnati, Ohio 45208
Tel: (513) 723-1600
Fax: (513) 723-1620
cjenkins@minnillojenkins.com
rstokar@minnillojenkins.com
*Counsel for Plaintiff*

## JURY DEMAND

Plaintiffs demand a trial by jury as to all issues so triable in this matter.

/s/ Christian A. Jenkins
Christian A. Jenkins (OH-0070674)