# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| TRAVIS CHENAULT, | : | Case No. 1:20-cv-174 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| BEIERSDORF, INC, | : | |
| Defendant. | : | |

## ORDER GRANTING DEFENDANT'S
## MOTION TO BIFURCATE DISCOVERY (Doc. 9)

This civil action is before the Court on Defendant Beiersdorf, Inc.'s motion to bifurcate discovery (Doc. 9), and the parties' responsive memoranda (Docs. 10, 11).

### I.  BACKGROUND

On February 28, 2020, Plaintiff filed this proposed class action lawsuit on behalf of himself and others similarly situated alleging that Defendant violated the Fair Labor Standards Act ("FLSA") and Ohio law.  (Doc. 1).  Plaintiff alleges that he and other Beiersdorf employees worked in excess of 40 hours per workweek and were not paid overtime pay.  (*Id.* at ¶ 29).  Defendant filed its answer on May 26, 2020.  (Doc. 5).

The Court held a Preliminary Pretrial Conference ("PPTC") by telephone with the parties on June 23, 2020.  During the PPTC, the parties informed the Court that they dispute whether bifurcated discovery is appropriate, and the Court set an expedited briefing schedule.  (June 23, 2020 Minute Entry and Notation Order).

On July 6, 2020, Defendant filed the present motion to bifurcate discovery. (Doc. 9). Defendant proposes that discovery be conducted in two phases. The first proposed phase of discovery would be focused on class/collective action issues under the FLSA and/or Rule 23. Defendant proposes limiting the first phase of discovery to 25 interrogatories, 25 requests for production, 25 requests for admission, and up to five depositions for each party. (*Id.* at 1). Under Defendant's proposed plan, expert witness disclosures and discovery would be deferred until the second phase of discovery, unless either party requires expert witness testimony in connection to certification issues. If either party requires expert testimony related to certification issues, Defendant proposes an October 1, 2020 deadline for primary expert designations and a November 15, 2020 deadline for any rebuttal expert designations. (*Id.* at 2). Defendant's proposed deadline for the first phase of discovery is December 15, 2020, one month before Plaintiff's deadline to file a motion for conditional certification and/or motion for class action. (*Id.* at 1).

Defendant proposes that the second phase of discovery—which would occur after the Court's decision on any motion for class and/or conditional certification—would focus on merits-based discovery and final certification and decertification issues. (*Id.* at 1–2). After the Court rules on any motion for class and/or conditional certification, Defendant suggests holding a status conference to establish a calendar for the second phase of discovery. (*Id.* at 2).

Plaintiff opposes Defendant's proposed discovery plan and contends he needs discovery beyond what is proposed in Defendant's bifurcation plan in order to support his

motion for conditional certification. (Doc. 10 at 2). Alternatively, if the Court grant's Defendant's motion to bifurcate, Plaintiff requests that Defendant be required to produce materials "reasonably necessary for plaintiff to seek conditional certification." (*Id.* at 5–6).

Defendant's motion to bifurcate discovery is ripe for review.

## II. STANDARD OF REVIEW

"Whether to bifurcate class certification and merits discovery is within the discretion of the court." *McCluskey v. Belford High School*, 2011 WL 13225278, at *3 (E.D. Mich. Mar. 10, 2011); *In re Copper Tubing Litig.*, 2006 WL 8434911, at *5 (W.D. Tenn. Oct. 3, 2006).

To determine whether bifurcating discovery is appropriate, courts consider "the benefits and detriments to each party's interest," as well as "the Court's interest in reaching a just, speedy and efficient resolution of the issues raised by the pleadings." *Woods v. State Farm Fire & Casu. Co.*, 2010 WL 1032018, at *3 (S.D. Ohio Mar. 16, 2010); *see Johnson v. Gulfport Energy Corp.*, 2020 WL 4528824, at *5 (S.D. Ohio Aug. 5, 2020). Courts may bifurcate discovery "if it serves judicial economy and does not unfairly prejudice any party." *Galloway v. Nationwide Mut. Fire Ins. Co.*, No. 3:09-CV-491-JDM, 2010 WL 3927815, at *1 (W.D. Ky. Oct. 5, 2010) (citing *Hines v. Joy Mfg. Co.*, 850 F.2d 1146, 1153 (6th Cir. 1988)).

## III. ANALYSIS

Defendant's motion requests that the Court bifurcate discovery into two phases: discovery related to class-certification and discovery on the merits. Defendant contends

3

that bifurcated discovery "will allow Plaintiff and Defendant to discovery any evidence needed to support their respective positions regarding class and/or conditional certification, while preserving the parties' time and resources by delaying class-wide discovery unless and until a class or collective is certified." (Doc. 9 at 2).

Plaintiff opposes bifurcation because he contends that he would be denied the opportunity to obtain the materials necessary to prosecute his case. (Doc. 10 at 5). Moreover, Plaintiff argues that the information he seeks will not be burdensome or costly for Defendant to produce. (*Id.* at 4–5).

Although there is not a well-delineated test to determine whether to bifurcate class certification and merit-based issues, courts have looked to three factors in considering whether bifurcation is appropriate:

> (1) expediency, meaning whether bifurcated discovery will aid the court in making a timely determination on the class certification motion; (2) economy, meaning "the potential impact a grant or denial of certification would have upon the pending litigation," and whether the definition of the class would "help determine the limits of discovery on the merits;" and (3) severability, meaning whether class certification and merits issues are closely enmeshed.

*Ballard v. Kenan Advantage Grp., Inc.*, 2020 WL 4187815, at *1 (N.D. Ohio July 20, 2020) (quoting 3 Newberg on Class Actions § 7:17 (5th ed.) (citing *Harris v. comScore, Inc.*, 2012 WL 686709, *3 (N.D. Ill. March 2, 2012))).

Here, the Court finds that bifurcation of discovery is appropriate.

The first and second factors favor bifurcation. First, prioritizing certification related discovery before addressing merits discovery will help this Court issue a timely ruling on any motion for class and/or conditional certification. Second, bifurcation

4

should promote judicial economy because defining any potential class may limit or focus discovery on the merits and prevent potentially unnecessary discovery costs.

The third factor is thornier. The Court recognizes that courts within the Sixth Circuit have denied motions to bifurcate discovery where there would be considerable amount of overlap between class certification and merits-based discovery. *Johnson*, 2020 WL 4528824, at *5 (finding that bifurcation would not promote judicial economy because class certification and merits-based discovery overlapped); *Shah v. Metro. Life Ins. Co.*, 2017 WL 4772870, at *3 (S.D. Ohio Oct. 19, 2017) (denying bifurcated discovery because it would not promote judicial economy); *McCluskey v. Belford High Sch.*, 2011 WL 13225278, at *3 (E.D. Mich. Mar. 10, 2011) (finding that bifurcating discovery would "likely lead to disputes over what is 'merit' discovery as opposed to 'class' discovery, resulting in needless motion practice" and noting that "the discovery relative to class issues and merits discovery will significantly overlap, thereby creating inefficiencies were the Court to bifurcate discovery"). But the fact that class and merits-based discovery will be inevitably be intertwined to some extent does not necessitate denying a motion to bifurcate. Here, the Court finds that—while class issues and merit-based discovery may be somewhat enmeshed—there should not be considerable overlap.

Because efficiency and judicial economy favor bifurcation, Defendant's motion is well-taken. Therefore, discovery relating to class certification and discovery relating to merits should be bifurcated as much as practicable. Accordingly, the Court adopts Defendant's timeline and plan for the first phase of discovery (*see* Doc. 9 at 1–2). The

timeline for the second phase of discovery will be set after the Court issues its decision on any motion for class and/or conditional certification.

Nevertheless, while the Court agrees with Defendant that bifurcated discovery is appropriate, the Court wants to make clear that Defendant is required to produce materials necessary for Plaintiff to seek conditional certification. If discovery disputes arise over whether a discovery issue is class or merit related, the Court anticipates permitting discovery on the issue.

In that vein, the parties already dispute whether Plaintiff should be provided with a list of class member names and contact information during the first phase of discovery. Defendant contends that production of such a list is premature. (Doc. 9 at 2). Defendant has offered to produce a redacted employee list (including first name, last initial, and dates of employment), yet Plaintiff argues that a redacted list is insufficient. The Court agrees with Plaintiff.

As courts have recognized, "[g]iven the Supreme Court's direction that the broad remedial goal of the FLSA should be enforced to the full extent of its terms, pre-certification discovery is appropriate to enable the plaintiff to define the class and identify similarly situated employees." *Boice v. M+W U.S., Inc.*, 130 F. Supp. 3d 677, 698 (N.D.N.Y. 2015) (quoting *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 2010 WL 2362981, at *2 (S.D.N.Y. June 14, 2010)) (internal quotation marks and alterations omitted). Here, the Court finds that Defendant's production of an unredacted employee list is appropriate to enable Plaintiff to identify similarly situated employees, which is permissible discovery for Plaintiff during the first pre-certification phase of discovery.

Nevertheless, other discovery materials requested by Plaintiff in his opposition brief—such as pay stubs and copies of gift cards—are merit-based discovery and will not need to be produced by Defendant until the second phase of discovery.

## IV.   CONCLUSION

Accordingly, as outlined above, Defendant's motion to bifurcate discovery (Doc. 9) is **GRANTED**.

**IT IS SO ORDERED.**

Date:  824/2020                                          */s/ Timothy S. Black*
                                                                                   Timothy S. Black
                                                                                   United States District Judge